TO BE PUBLISHED IN FEDERAL SUPPLEMENT

Eastern District of Kentucky
FILED
JUN 19 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 05-111 (WOB)

RAYMOND ENSMINGER                                           PLAINTIFF

VS.                     <u>MEMORANDUM OPINION</u>

CINCINNATI BELL WIRELESS, LLC
AND
CITY OF CINCINNATI                                          DEFENDANTS

**BERTELSMAN, District Judge:**

This matter is before the court on the defendant City of Cincinnati's motion to dismiss. (Doc. 15). The court held a hearing on this matter on Thursday, June 8, 2006. Bill Bristol represented the plaintiff, Peter Stackpole represented defendant City of Cincinnati, and Andrew Schaeffer represented defendant Cincinnati Bell Wireless. Official court reporter Joan Averdick recorded the proceedings.

FACTUAL BACKGROUND

On May 18, 2004, the plaintiff placed a 911 call from his cell phone, serviced by Cincinnati Bell Wireless, from his residence located at 4410 River Road, Hebron, Kentucky. (Complaint ¶ 4). The plaintiff's cell phone had an 859 area code. (Complaint ¶5).

Cincinnati Bell routed the plaintiff's 911 call to a public safety answering point located in Cincinnati, Ohio. (Complaint ¶ 6). The plaintiff was connected to a dispatcher, and he relayed that his residence at 4410 River Road was on fire. (Complaint ¶ 7). The dispatcher dispatched the city's fire department personnel to 4410 River Road in Cincinnati rather than to Hebron,

Kentucky. (Complaint ¶ 8). The two addresses are, more or less, directly across the Ohio River from each other, but an approximate one-hour drive would be required to travel from one to the other.

As a result of the error in dispatching fire personnel to the wrong address, the plaintiff's home suffered damage in excess of forty-five thousand dollars ($45,000), and he lost personal property valued in excess of twenty-three thousand dollars ($ 23,000). (Complaint ¶¶ 11 & 12). Plaintiff alleges he also suffered, and continues to suffer, damages as a result of the loss of the beneficial use of his real and personal property. (Complaint ¶13).

## ANALYSIS

The City of Cincinnati argues that the claims against it should be dismissed because it has immunity under Ohio Revised Code § 2744.02(B) when performing governmental functions and it also is protected under Ohio's public duty doctrine. The plaintiff argues Kentucky law, not Ohio law, applies and Kentucky has abrogated immunity for municipal corporations.

The United States Supreme Court has held that the Full Faith and Credit Clause does not mandate that a state recognize another state's laws granting itself and/or its agencies immunity from suit. Franchise Tax Bd. of California v. Hyatt, 538 U.S. 488, 497 (2003); Nevada v. Hall, 440 U.S. 410, 425 (1979). In Nevada v. Hall, the Supreme Court held that whether one state accords immunity in its courts to another state is purely a question of comity. Nevada, 440 U.S. at 422.

This court is sitting in diversity and, therefore, it must apply Kentucky law in determining whether Ohio's grant of municipal immunity or its public duty doctrine protects the City of Cincinnati from suit in this case. Erie R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938). The Kentucky Supreme Court has stated that "[n]o state is required to adopt the statutes of another

state which are in conflict with their own in the absence of a statute of that forum requiring them to do so." Pyles v. Russell, 36 S.W.3d 365, 367 (Ky. 2000) (applying Kentucky law to issue of whether adopted child could inherit from biological parent's estate).

The court finds that applying Ohio's law on municipal liability and the public duty doctrine would be contrary to Kentucky's public policy, which favors allowing recovery for injuries resulting from negligence. Therefore, Kentucky would not apply Ohio law on municipal liability or the public duty doctrine as a matter of comity.

"When [a Kentucky] court has jurisdiction of the parties its primary responsibility is to follow its own substantive law. The basic law is the law of the forum, which should not be displaced without valid reasons." Foster v. Leggett, 484 S.W.2d 827, 829 (Ky. 1972). Kentucky courts will apply its own law "if there are significant contacts-not necessarily the most significant contacts-with Kentucky." Adam v. J.B. Hunt Transport, Inc., 130 F.3d 219, 230 (6th Cir. 1998) (quoting Foster v. Leggett, 484 S.W.2d 827, 829 (Ky. 1972)).

Here, the court finds that Kentucky would apply its own law because the plaintiff has alleged significant contacts with Kentucky: 1) plaintiff is a resident of Kentucky; 2) plaintiff made the 911 call from his cell phone while standing in front of his Kentucky home; and 3) plaintiff claims he suffered damage to personal and real property located in Kentucky. Accordingly, the court will apply Kentucky law and finds that the actions of the City of Cincinnati, as alleged in the complaint, are not protected activity. Thus, the City of Cincinnati's motion to dismiss is denied.

Lastly, the court instructed the plaintiff to notify the court if he was seeking damages below the jurisdictional limit of this court. The court has not received any notification from

3

plaintiff's counsel. Upon further review of the complaint, the court finds that the complaint sets forth sufficient claims and damages to arguably come within the court's jurisdiction, as he alleges property damages in excess of $68,000 as well as damages incurred as a result of the loss of use of his real and personal property. The court finds that jurisdiction has been established.

Accordingly, the court being advised,

**IT IS ORDERED** that the City of Cincinnati's pending motion to dismiss (Doc. 15) be, and it is, hereby **denied,** and that the plaintiff has to and including July 8, 2006 to file his response to Cincinnati Bell Wireless' pending motion to dismiss.

This 19th day of June, 2006.

*William C. Bertelsman*
**WILLIAM O. BERTELSMAN, JUDGE**